

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION



U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 2 5 1999

NANCY DOHERTY, CLERK

By _____
         **Deputy**

|  |  |  |
|---|---|---|
| BOLLORÉ, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| IMPORT WAREHOUSE INC., RAVI | § | **3 - 99CV1196 - R** |
| BHATIA, ABOX PAPERBOARD | § | |
| COMPANY, INC., LEWIS ARMSTRONG, | § | |
| WILLIAM R. ARMSTRONG, DOROTHY J. | § | CIVIL ACTION NO. _____ |
| ARMSTRONG, VICKIE ARMSTRONG, | § | |
| JOSEPH "JIHAD" MAKKI, ADHAM | § | |
| MAKKI, TAREK MAKKI, ZEINA HAMED, | § | |
| BEST PRICE WHOLESALE, CIGAR- | § | |
| CIGARETTE, INC., COFFEE | § | |
| ACCESSORIES AND MORE, INC., | § | |
| DREAM DEALS, INC., IMPEX, INC. | § | |
| and SOCIÉTÉ PIPIÈRE DE PARIS, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Bolloré, S.A. ("Bolloré"), for its Complaint against Defendants Import

Warehouse Inc.; its president and owner Ravi Bhatia (collectively "Import Warehouse"); Abox

Paperboard Company, Inc. and its officers, Lewis Armstrong, Dorothy J. Armstrong, William

R. Armstrong, and Vickie Armstrong (collectively "Abox"); Joseph "Jihad" Makki, Adham

Makki, Tarek Makki, Zeina Hamed, and their companies, Best Price Wholesale, Cigar-

Cigarette, Inc. ("Cigar-Cigarette"), Coffee Accessories And More, Inc. ("Coffee

Accessories"), Dream Deals, Inc. ("Dream Deals"), and Impex, Inc. ("Impex") (collectively

the "Makki Defendants"); and Société Pipière de Paris ("Pipière") (collectively "Defendants"),

alleges as follows:

*1*

## THE PARTIES

1.     Plaintiff Bolloré is a foreign corporation, duly organized under the laws of France, with its registered office at Odet 29500 Ergue Gaberic, Commune D'Ergue Gaberic, France.

2.     Upon information and belief, Defendant Import Warehouse Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 11311 Harry Hines Boulevard, Building 201, Dallas, Texas 75229.  Defendant Import Warehouse Inc. may be served with process via its registered agent, Ravi Bhatia, at 402 Knollwood Court, Euless, Texas 76039, or at 11311 Harry Hines Boulevard, Building 201, Dallas, Texas 75229.

3.     Upon information and belief, Defendant Ravi Bhatia is an individual residing in the State of Texas.  Upon information and belief, Defendant Bhatia is the president and/or owner of Defendant Import Warehouse Inc. and has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer of Defendant Import Warehouse Inc. Defendant Bhatia may be served with process at 402 Knollwood Court, Euless, Texas 76039 or at 11311 Harry Hines Boulevard, Building 201, Dallas, Texas 75229.

4.     Upon information and belief, Defendant Abox Paperboard Company, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 706 Rand Road, Kaufman, Texas 75142.  Defendant Abox Paperboard Company, Inc. may be served with process via its registered agent, C. Lewis Armstrong, 709 Rand Road, Kaufman, Texas 75142-2603.

5.      Upon information and belief, Defendant Lewis Armstrong is an individual residing in the State of Texas.  Upon information and belief, Defendant Armstrong is the chairman of the board of Defendant Abox Paperboard Company, Inc.  Defendant Armstrong may be served with process at 706 Rand Road, Kaufman, Texas 75142.  Upon information and belief, Defendant Armstrong has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer of Defendant Abox Paperboard Company, Inc.

6.      Upon information and belief, Defendant William R. Armstrong is an individual residing in the State of Texas. Upon information and belief, Defendant Armstrong is  the president of Defendant Abox Paperboard Company, Inc.  Defendant Armstrong may be served with process at 706 Rand Road, Kaufman, Texas 75142. Upon information and belief, Defendant Armstrong has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer of Defendant Abox Paperboard Company, Inc.

7.      Upon information and belief, Defendant Dorothy J. Armstrong is an individual residing in the State of Texas. Upon information and belief, Defendant Armstrong is the vice president of Defendant Abox Paperboard Company, Inc.  Defendant Armstrong may be served with process at 706 Rand Road, Kaufman, Texas 75142. Upon information and belief, Defendant Armstrong has actively participated in and benefitted directly from the infringing activities, both in her individual capacity and as an officer of Defendant Abox Paperboard Company, Inc.

8.      Upon information and belief, Defendant Vickie Armstrong is an individual residing in the State of Texas. Upon information and belief, Defendant Armstrong is the

3

secretary and treasurer of Defendant Abox Paperboard Company, Inc. Defendant Armstrong may be served with process at 706 Rand Road, Kaufman, Texas 75142. Upon information and belief, Defendant Armstrong has actively participated in and benefitted directly from the infringing activities, both in her individual capacity and as an officer of Defendant Abox Paperboard Company, Inc.

9.      Upon information and belief, Defendant Joseph Makki is an individual residing in the State of Michigan. Upon information and belief, Defendant Makki is the manager of Defendant Impex, Inc. Defendant Makki may be served with process by personal service, by serving the Secretary of State of the State of Texas, or both, at 24341 Joy Road, Dearborn Heights, Michigan 48126, or at 8747 Brandt, Suite 116, Dearborn, Michigan 48126. Upon information and belief, Defendant Makki has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer and/or employee of Defendant Impex, Inc.

10.      Upon information and belief, Defendant Adham Makki is an individual residing in the State of Michigan. Upon information and belief, Defendant Makki is the vice president and part owner of Defendant Best Price Wholesale. Defendant Makki may be served with process by personal service, by serving the Secretary of State of the State of Texas, or both at 920 Fort Street, Lincoln Park, Michigan 48146. Upon information and belief, Defendant Makki has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer of Defendant Best Price Wholesale.

11.      Upon information and belief, Defendant Tarek Makki is an individual residing in the State of Michigan. Upon information and belief, Defendant Makki is the president and owner of Defendant Impex, Inc. Defendant Makki may be served with process by personal

4

service, by serving the Secretary of State of the State of Texas, or both at 8747 Brandt, Suite 116, Dearborn, Michigan 48126. Upon information and belief, Defendant Makki has actively participated in and benefitted directly from the infringing activities, both in his individual capacity and as an officer of Defendant Impex, Inc.

12. Upon information and belief, Defendant Zeina Hamed is an individual residing in the State of Michigan. Upon information and belief, Defendant Hamed is the president and part owner of Defendant Best Price Wholesale. Defendant Hamed may be served with process by personal service, by serving the Secretary of State of the State of Texas, or both at 7614 Oakman, Dearborn, Michigan 48126 or at 920 Fort Street, Lincoln Park, Michigan 48146. Upon information and belief, Defendant Hamed has actively participated in and benefitted directly from the infringing activities, both in her individual capacity and as an officer of Defendant Best Price Wholesale.

13. Upon information and belief, Defendant Best Price Wholesale is a corporation organized and existing under the laws of the State of Michigan. Defendant Best Price Wholesale may be served with process by serving its registered agent, by serving the Secretary of State of the State of Texas, or both to Zeina Hamed,7614 Oakman, Dearborn, Michigan 48126.

14. Upon information and belief, Defendant Cigar-Cigarette, Inc. is a corporation organized and existing under the laws of the State of Michigan. Defendant Cigar-Cigarette, Inc. may be served with process by serving its registered agent, by serving the Secretary of State of the State of Texas or both to Khalil Saad, 25940 Ford Road, Dearborn Heights, Michigan 48127.

5

15.     Upon information and belief, Defendant Coffee Accessories and More, Inc. is a corporation organized and existing under the laws of the State of Michigan. Upon information and belief, Defendant Coffee Accessories and More, Inc. is also doing business as Dream Deals, Inc. Defendant Coffee Accessories and More, Inc. may be served with process by serving its registered agent, by serving the Secretary of State of the State of Texas or both toImad A. Dahger, 3319 Greenfield Road, Dearborn, Michigan, 48126.

16.     Upon information and belief, Defendant Dream Deals, Inc. is a corporation organized and existing under the laws of the State of Michigan. Upon information and belief, Defendant Dream Deals, Inc. is an assumed name for Defendant Coffee Accessories and More, Inc. Defendant Dream Deals, Inc. may be served with process by serving its registered agent, by serving the Secretary of State of the State of Texas or both toImad A. Dahger, 3319 Greenfield Road, Dearborn, Michigan, 48126.

17.     Upon information and belief, Defendant Impex Inc. is a corporation organized and existing under the laws of the State of Michigan, having its principal place of business at 8747 Brandt, Suite 116, Dearborn, Michigan 48126. Defendant Impex Inc. may be served with process by serving its registered agent, serving the Secretary of State of the State of Texas or both to Tarek M. Makki, 9130 Middlebelt Road, # 100, Livonia, Michigan 48150.

18.     Upon information and belief, Defendant Societe Pipière de Paris is a French corporation, having its office and main place of business at 38-40 rue Benoit Frachon, 94500 Champigny, Sur Marne, France. Defendant Societe Pipière de Paris may be served with process via the Hague Convention.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331 and 1338 over causes of action arising under the Lanham Act; pursuant to 17

U.S.C. § 501, 28 U.S.C. §§ 1331, 1338 and 1400 over causes of action arising under the

Copyright Act; and pursuant to 28 U.S.C. §§ 1338 and 1367 over causes of action arising

under the laws of the State of Texas.

20. The Court has personal jurisdiction over the Defendants based on the following.

Defendants Import Warehouse Inc. and Abox Paperboard Company, Inc. are Texas

corporations. The remaining Defendants, acting in concert, have made numerous

sales/purchases pursuant to contracts with resident of Texas, for performance in whole or in

part in the State.

21. Venue is proper in this District because the Defendants are subject to personal

jurisdiction in this District.

**PLAINTIFF**

22.    Bolloré is an internationally known manufacturer of paper, including cigarette

paper. For over a century, Bolloré itself and through its predecessors in interest, has used the

trademark "ZIG-ZAG" and the depiction of the bearded man (the "Smoking Man Design")

trademark (collectively referred to as the "ZIG-ZAG Trademarks") for cigarette paper

booklets and related goods. Bolloré is the owner of registrations for the ZIG-ZAG

Trademarks in the United States and various countries throughout the world. Bolloré is also

the owner of copyright registrations of certain artwork (the "Designs") used on the packaging

of the cigarette paper booklets at issue in this case, *i.e.*, the "Classic Booklets," the "Blue

Booklets," the "75 Hojas Booklets," the "Red Booklets," and the "Long Booklets."

23.    Plaintiff brings this action under 15 U.S.C. §§ 1051, *et seq.*, (the "Lanham

Act"), the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright

Act") and the laws of the State of Texas, against Defendants for, *inter alia,* willful

infringement of Bolloré's incontestable registered trademarks and copyright, false designation

of origin or sponsorship, dilution, common law trademark infringement, and unfair

competition in connection with: Defendants' importation and distribution of the infringing

Classic Booklets, Blue Booklets, Hojas Booklets, Red Booklets, and Long Booklets bearing

Bolloré's Designs and ZIG-ZAG Trademarks (the "Infringing Booklets"); Defendants' sale of

booklets made in Spain by a different manufacturer but which bear ZIG-ZAG Trademarks,

(the "Spanish Booklets"); and Defendants' counterfeiting of cartons bearing Bolloré's

ZIG-ZAG Trademarks (the "Infringing Cartons") (collectively, the Infringing Booklets, the

Spanish Booklets, and the Infringing Cartons are referred to herein as the "Infringing

8

Materials"). Plaintiff seeks an order from this Court that, *inter alia,* temporarily, preliminarily and permanently enjoins Defendants from using, claiming ownership in, or otherwise infringing any of Bolloré's copyrights, trademarks or any marks or designs confusingly similar thereto. Plaintiff also seek an order requiring the immediate seizure of all Infringing Materials. Plaintiff also seeks recovery of three times the amount of Defendants' profits or Plaintiff's damages resulting from Defendants' willful infringing activities, whichever is greater, punitive damages and attorneys' fees.

## BOLLORÉ'S RIGHTS

24. Founded in 1822, Bolloré began as a small family paper manufacturing business in France. One of the company's primary products was, and still is, cigarette paper booklets. Until the advent of the mass-produced machine-rolled cigarette, cigarette paper booklets were the only means by which smokers could make and smoke cigarettes. With the introduction of the mass-produced cigarette, Bolloré began producing paper for machine-rolled cigarettes in addition to the cigarette paper booklets for loose tobacco.

25. Because of the superior quality of its papers, Bolloré grew steadily. Bolloré is now one of the largest and best-known manufacturers of cigarette paper booklets in the world.

Bolloré's Trademarks

26. For more than 90 years, Bolloré has used the ZIG-ZAG® Trademarks in connection with its cigarette paper booklets in the United States. From the beginning, the ZIG-ZAG and Smoking Man Design marks were strong and arbitrary.

27. Because of its tremendous sales history and its exclusive, lengthy and extensive use of the ZIG-ZAG Trademarks on goods of superior quality, Bolloré has developed substantial worldwide goodwill and a reputation for high quality.

28. Even with the advent of the machine-rolled cigarette, Bolloré continued to grow. While in its earlier decades Bolloré primarily distributed its cigarette paper booklets in Europe, the United States and Canada, the company has expanded into new markets and now distributes its goods throughout the world.

29. In the 1960s and 1970s, the ZIG-ZAG and Smoking Man Design marks became very well known to the generation of adults that now, on information and belief, constitutes the largest portion of the relevant United States purchasing public for smoking-related products. ZIG-ZAG cigarette paper booklets were the ordinary stock in trade of shopping venues in that era such as bookstores, boutiques and music stores. Indeed, the use was so widespread that the ZIG-ZAG Trademarks on cigarette paper booklets and related products was – and still is – emblematic of the 1960s and 1970s "youth culture."

30. On the heels of the popularity of the ZIG-ZAG cigarette paper booklets and the broad recognition of the ZIG-ZAG Trademarks generated in the 1960's and 1970's, Bolloré, through a licensee, began to use the mark on related and ancillary products. Such sales continue to this day. As a result of these longstanding sales, and the sales, advertising, promotion and goodwill associated with ZIG-ZAG cigarette paper, the ZIG-ZAG Trademarks have come to identify Bolloré as the source of goods bearing the ZIG-ZAG and Smoking Man Design trademarks in the minds of consumers and have achieved enormous goodwill of great

value to Bolloré. Thus, the ZIG-ZAG Trademarks have developed secondary meaning as a matter of law.

31.     Bolloré's cigarette paper booklets bearing the ZIG-ZAG Trademarks are sold in interstate commerce throughout the United States pursuant to an exclusive distribution agreement with a United States licensee, North Atlantic Operating Company ("NAOC"). Over the past seven years, millions of dollars worth of cigarette paper booklets carrying the ZIG-ZAG Trademarks have been sold in the United States. Because of Bolloré's extensive use of the marks, both in the U.S. and abroad, the ZIG-ZAG Trademarks have become famous as a matter of law.

32.     The Bolloré ZIG-ZAG marks have been duly registered with the United States Patent and Trademark Office. These registrations are valid and subsisting and include Registration No. 610,530 for ZIG-ZAG (stylized) and Registration No. 1,127,946 for ZIG-ZAG, and Registration No. 1,247,856, No. 2,169,549, and No. 2,169,540 for the Smoking Man Design. In addition, the registrations for ZIG-ZAG (stylized), ZIG-ZAG and Registration No. 1,247,856 for the Smoking Man Design are all incontestable. True copies of the registrations are attached hereto as Plaintiff's Exhibit A.

33.     The ZIG-ZAG Trademarks appear alone or in combination on all Bolloré products, including the cigarette paper booklets and the display cartons at issue in this case. *See* Exhibit B for sample packaging of Bolloré products that are authorized for distribution in the United States.

11

Bolloré's Copyrights

34.    In addition to the rights described above, the packaging of many of Bolloré's products are works that are wholly original with Bolloré and are copyrightable subject matter under the copyright laws of the United States and the laws of other countries where Bolloré distributes its products.

35.    At all relevant times, Bolloré has complied in all respects with the Copyright Act and has secured the exclusive right in the Designs on the Infringing Booklets at issue herein. Bolloré has received Certificates of Registration from the Register of Copyrights and has filed an application for the Designs, copies of which are annexed hereto as Exhibit C.

36.    Since the dates of their respective registrations, the Infringing Booklets and their packages have been manufactured by Bolloré or under its authority. All copies of said items made by Bolloré or under its authority have been manufactured in strict conformity with the provisions of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, including 17 U.S.C. §§ 401-412, and all other applicable laws governing copyrights. Bolloré has thereby fully maintained the validity of its copyrights in these works, and Bolloré's copyrights are valid and subsisting.

37.    Bolloré is the sole proprietor of all rights, title, and interest in and to the copyrights in the Designs on the Infringing Booklets and the Certificates of Registration corresponding therewith. Bolloré has not authorized Defendants to copy, reproduce, manufacture, duplicate, import, disseminate, or distribute any of the Infringing Booklets.

## DEFENDANTS' INFRINGING ACTIVITIES

38.     Upon information and belief, Import Warehouse and the Makki Defendants are wholesale distributors of novelty items and various products such as cigarette paper booklets, pharmaceuticals, pens and pencils.

39.     Upon information and belief, Abox is a manufacturer and seller of paper board folding boxes.

40.     Upon information and belief, Pipière is a distributor of cigarette paper booklets but has no authority to distribute cigarette paper booklets manufactured by Bolloré in the United States.

41.     Upon information and belief, after Bolloré obtained registered copyrights in the Designs on the Infringing Booklets, Defendants Import Warehouse, the Makki Defendants and Pipière, without permission or authorization from Bolloré, imported to the United States and distributed numerous Infringing Booklets in violation of Bolloré's copyrights. Bolloré has never distributed or authorized for distribution the Infringing Booklets in the United States. Attached as Exhibit D are copies of the Infringing Booklets.

42.     Upon information and belief, long after Bolloré's adoption, use, and/or registration of the ZIG-ZAG Trademarks on cigarette paper and smoker related goods, Import Warehouse, the Makki Defendants and Pipière began importing and distributing the Infringing Booklets without the permission or authorization of Bolloré in violation of Bolloré's trademark rights.

43.     The Infringing Booklets are materially different from the cigarette paper booklets bearing the ZIG-ZAG Trademarks that are authorized for distribution in the United States. For

example, the Blue Booklets are the same color as the Blue Kut Korner booklets that are

authorized for sale in the United States but otherwise the products are completely different. The

Blue Booklets have 100 leaves instead of 32, do not have cut corners, the paper is totally different

(it is slow burning whereas the Blue Kut Korner is free burning), and the Smoking Man Design

used on packaging and the filigrane are different.

44.     The Classic, 75 Hojas and Red Booklets are different from products that are

authorized for distribution in the United States with respect to the size of the papers, the number

of papers per booklet, the packaging artwork, the number of booklets per carton and the artwork

on the carton. In addition, as is evident from Exhibit B, almost all of the booklets authorized for

sale in the United States, have offers for items such as lighters or hats on the inside covers,

whereas the Infringing Booklets do not.

45.     In addition, the Classic and Red Booklets are narrower than any of the booklets

authorized for sale in the United States. While the paper in the Classic and Red Booklets is most

like the Blue Kut Korners paper in size and filgrane, the Blue Kut Korners booklets have offers

for ZIG-ZAG merchandise on the inside covers and the papers have cut corners, whereas the

Classic and Red Booklets do not have such features.

46.     The "ZIG-ZAG Orange" booklets, which are authorized for sale in the United

States, also have such offers on the inside covers, but, once again, the 75 Hojas Booklets (which

Import Warehouse and the Makki Defendants have improperly and incorrectly referred to as ZIG-

ZAG Orange) have no such offers. In addition, the 75 Hojas Booklets have 75 leaves instead of

the Orange's 35 leaves. The Long Booklets are somewhat similar to the ZIG-ZAG Orange

except for that the Long has 50 leaves instead of 32 and different artwork on the packaging and,

most importantly, the Long does not have a merchandise offer. In addition, the Long Booklets

14

are packed in cartons, of 100 booklets each, which are totally different from the packaging for products distributed by NAOC.

47.     Because of the differences between the authorized booklets and the Infringing Booklets, customers buying the Infringing Booklets will not be getting the products they expect, and therefore are likely to be confused as to the source, sponsorship or affiliation of the Infringing Booklets. Thus, the distribution of the materially different Infringing Booklets infringes on Bolloré's trademark rights.

48.     In addition, upon information and belief, Abox, pursuant to Import Warehouse's request, is manufacturing counterfeit Infringing Cartons bearing the ZIG-ZAG Trademarks which are then being used by Import Warehouse and Abox to repackage the Spanish Booklets and 75 Hojas Booklets, which are being imported and distributed in violation of Bolloré's copyrights and trademarks.

49.     Moreover, the Infringing Cartons used to display the Infringing Booklets to the retail bear the statement: "Distributed by North Atlantic Trading Inc., Raleigh, NC 27604." That statement is blatantly false. The Spanish Booklets and 75 Hojas Booklets sold by Import Warehouse are not distributed by NAOC, or its parent North Atlantic Trading Inc., and neither Import Warehouse nor Abox is authorized to use any of NAOC's trade names. Clearly, Import Warehouse and Abox have adopted NAOC's trade name in an effort to produce counterfeit Infringing Cartons that are identical to Bolloré's authentic display cartons and to lead consumers and prospective consumers to think that the Infringing Booklets contained therein are distributed through Bolloré's customary channels of distribution.

50.     It is clear that the counterfeit Infringing Cartons are manufactured by Abox given that the cartons bear the Abox's logo. Attached as Exhibit E is a copy of an Infringing Carton.

Upon information and belief, Abox regularly prints cartons for Import Warehouse, including cartons related to non-ZIG-ZAG products. Attached as Exhibit F is a copy of a photograph of a cardboard box found at Import Warehouse with a mailing label from Abox to Import Warehouse indicating that the contents of the box is "50 Ct. Aspirin." Attached as Exhibit G are photographs of a box for Excedrin extra strength pain reliever, found at Import Warehouse, with the Abox logo on the box.

51. Upon information and belief, Import Warehouse, the Makki Defendants, Pipière and Abox are importing, storing, distributing, shipping, offering for sale, and selling the Infringing Materials. Between February 11, 1999, and April 30, 1999, Defendants made at least thirteen sales of Infringing Materials, with a volume of goods equivalent to more than 5000 cases of cigarette paper booklets. *See* Exhibit H for invoices, sales orders, and way bills for various sales by Defendants of Infringing Materials from their places of business.

## DEFENDANTS' WILLFULNESS

52. Defendants knowingly and willfully adopted Bolloré's trademarks and NAOC's trade name so that relevant consumers would confuse the products being sold by Defendants for genuine ZIG-ZAG cigarette paper manufactured and licensed by Bolloré for distribution in the United States.

53. Upon information and belief, Import Warehouse, the Makki Defendants and Pipière have imported and distributed the Infringing Materials bearing the ZIG-ZAG Trademarks and the copyrighted Designs with knowledge of Bolloré's prior rights in and to the trademarks and copyrights therein.

16

54. Upon information and belief, Defendants' adoption and use of the ZIG-ZAG Trademarks was willful as a matter of law, having been adopted with knowledge of Bolloré's prior rights in and to the world-famous ZIG-ZAG Trademarks and with intent to trade on and benefit from the goodwill established in the marks by Bolloré.

55. Upon information and belief, Import Warehouse's and Abox's willful infringement and disregard of the trademark laws is further evidenced by Defendants' adoption and use of NAOC's trade name with knowledge of NAOC's prior rights, and with intent to trade on and benefit from the goodwill established in the trade name of NAOC.

56. Upon information and belief, goods bearing the unauthorized ZIG-ZAG Trademarks are ultimately sold in the types of outlets where one might expect to find authorized Bolloré products. Thus, Defendants' wrongfully imported and counterfeit products directly compete with Plaintiff's authorized products.

57. For all of the foregoing reasons, Defendants' importation, distribution, promotion, offer to sell, and/or sale of goods bearing the unauthorized ZIG-ZAG Trademarks as well as NAOC's trade name, is likely to result in confusion as to the source and origin of these products and is likely to mislead the public into falsely believing that Defendants' are distributing Bolloré authorized and licensed cigarette papers exclusively distributed by NAOC.

58. Defendants' acts are willful. By their willful infringement of Bolloré's valid and subsisting registered copyrights and Bolloré's registered ZIG-ZAG Trademarks, Defendants are seriously and irreparably damaging Bolloré and the goodwill which it has accumulated over more than 90 years.

## COUNT ONE
## WILLFUL COPYRIGHT INFRINGEMENT

59.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 58, as if fully set forth herein.

60.     The actions of Import Warehouse, the Makki Defendants, and Pipière constitute infringement of Bolloré's copyrights in the Designs on the Infringing Booklets in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

61.     Upon information and belief, Import Warehouse's, the Makki Defendants' and Pipière's importation and/or distribution of the Infringing Booklets was deliberate, willful, malicious, oppressive, and without regard to Bolloré's proprietary rights.

62.     Import Warehouse's, the Makki Defendants' and Pipière's copyright infringement has caused, and will continue to cause, Bolloré to suffer injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the Designs and Infringing Booklets, and, further, has damaged Bolloré's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

63.     Import Warehouse's, the Makki Defendants' and Pipière's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Bolloré repeated and irreparable injury. Plaintiff has been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily and permanently enjoined from its unlawful conduct. Plaintiff has no adequate remedy at law. Therefore, Import Warehouse, the Makki Defendants, and Pipière should be restrained and enjoined pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

63. Import Warehouse's, the Makki Defendants' and Pipière's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Bolloré repeated and irreparable injury. Plaintiff has been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily and permanently enjoined from its unlawful conduct. Plaintiff has no adequate remedy at law. Therefore, Import Warehouse, the Makki Defendants, and Pipière should be restrained and enjoined pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

64. In addition, pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, Plaintiff is entitled to recover from Defendants costs, attorneys fees, and, at Plaintiff's option, either all of Plaintiff's actual damages plus all profits obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, or statutory damages.

## COUNT TWO
## WILLFUL FEDERAL TRADEMARK INFRINGEMENT

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64, as if fully set forth herein.

66. Defendants are willfully infringing Bolloré's registered ZIG-ZAG Trademarks by their unauthorized use of a confusingly similar and identical marks on and in connection with the Spanish Booklets, the counterfeit Infringing Cartons and the Infringing Booklets (which are materially different from those authorized for sale in the United States), without Plaintiff's permission or consent and with the intent to deceive the public.

67. Defendants' activities are likely to lead to and result in consumer confusion, mistake, or deception and are likely to cause consumers and the public to believe that Bolloré

19



has sponsored, authorized, or licensed Defendants' products for sale in the United States and that Defendants' products are being distributed by Bolloré's authorized distributor, NAOC.

68.     Plaintiff has been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily and permanently enjoined from their unlawful conduct. Plaintiff has no adequate remedy at law.

69.     In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and permanent injunction prohibiting Defendants from using the ZIG-ZAG Trademarks, or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

70.     As this is an exceptional case given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorneys fees.

### COUNT THREE
### FALSE DESIGNATION OF ORIGIN

71.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 70, as if fully set forth herein.

72.     Defendants' use of the ZIG-ZAG Trademarks, NAOC's trade name, or any mark confusingly similar thereto on or in connection with the Spanish Booklets, the counterfeit Infringing Cartons and the Infringing Booklets that are materially different from those

authorized for sale in the United States, constitutes false designation of origin and false and

misleading description and representation of fact which is likely to cause confusion or mistake,

or to deceive the relevant purchasing public as to the origin or sponsorship of Defendants'

goods.

73. Plaintiff has been harmed and will continue to be irreparably harmed as a result

of Defendants' unlawful actions unless Defendants are temporarily, preliminarily and

permanently enjoined from its unlawful conduct. Plaintiff has no adequate remedy at law.

74. In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and

permanent injunction prohibiting Defendants from using the ZIG-ZAG Trademarks, or any

marks confusingly similar thereto, and to recover from Defendants all damages that Plaintiff

has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as

a result of its infringing acts alleged above in an amount not yet known, and the costs of this

action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to

15 U.S.C. § 1117(c).

75. As this is an exceptional case given Defendants' willful acts, pursuant to 15

U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or

damages, whichever is greater, and attorneys fees.

## COUNT FOUR
## FEDERAL TRADEMARK DILUTION

76. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

75, as if fully set forth herein.

77.     The ZIG-ZAG Trademarks are famous within the meaning of 15 U.S.C. § 1125(c).

78.     Import Warehouse's, the Makki Defendants' and Abox's promotion and sale of the Spanish Booklets directly threatens to dilute, and has diluted, the distinctiveness of Plaintiff's ZIG-ZAG Trademarks by blurring the marks' ability to act as a distinctive identifier of source or origin and by circumventing Plaintiff's efforts designed to maintain the integrity of the products with which its trademarks are associated.

79.     Import Warehouse's, the Makki Defendants' and Abox's foregoing unlawful acts have irreparably harmed, and will continue to irreparably harm Plaintiff unless this Court temporarily, preliminarily, and permanently enjoins Import Warehouse, the Makki Defendants and Abox from engaging in their unlawful conduct.

80.     Import Warehouse's, the Makki Defendants' and Abox's acts have been willful and in disregard of Plaintiff's rights. Import Warehouse, the Makki Defendants and Abox knew or should have known that their actions constituted trademark dilution, or they proceeded recklessly in disregard of Plaintiff's rights.

81.     Plaintiff is entitled to temporarily, preliminary and permanent injunction prohibiting Import Warehouse, the Makki Defendants and Abox from using the ZIG-ZAG Trademarks or any mark confusingly similar thereto; to recover from Import Warehouse, the Makki Defendants and Abox all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages that Import Warehouse, the Makki Defendants and Abox have obtained as a result of the foregoing infringing activities, in an amount not yet known; the costs of this action, and; attorneys fees pursuant to 15 U.S.C. § 1117(a).

## COUNT FIVE
## CIVIL CONSPIRACY

82.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 81, as if fully set forth herein.

83.     Upon information and belief, Defendants, acting in concert, willfully, maliciously, and/or with reckless disregard of Plaintiff's rights, engaged in or entered into a conspiracy to import and/or distribute Infringing Materials that infringe Plaintiff's copyrights and trademarks and to interfere with Plaintiff's business relations and prospective business relations.

84.     Each Defendant engaged in numerous overt acts in pursuit of the common purpose and design of the civil conspiracy to infringe Plaintiff's copyrights and trademarks and to interfere with Plaintiff's business relations and prospective business relations, including, but not limited to, the acts alleged in this complaint.

85.     Each Defendant participated in the scheme to infringe Plaintiff's copyrights and trademarks and to interfere with Plaintiff's business relations and prospective business relations and engaged in acts in Texas and elsewhere, that furthered the scheme.

86.     As a direct and proximate result of this conspiracy, Plaintiff sustained substantial damages.

87.     In light of the foregoing, Plaintiff is entitled to damages for trademark infringement, copyright infringement, and tortious interference with business relations and prospective business relations from each of the Defendants.

88.     Given Defendants' willful behavior, Plaintiff is entitled to punitive damages from Defendants.

## COUNT SIX
## STATE STATUTORY DILUTION

89.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 88, as if fully set forth herein.

90.     Import Warehouse's, the Makki Defendants' and Abox's promotion and sale of the Spanish Booklets directly threatens to dilute, and has diluted, the distinctiveness of Plaintiff's ZIG-ZAG Trademarks by blurring the marks' ability to act as a distinctive identifier of source or origin and by circumventing Plaintiff's efforts designed to maintain the integrity of the products with which its trademarks are associated.

91.     Import Warehouse's, the Makki Defendants' and Abox's foregoing unlawful acts have irreparably harmed, and will continue to irreparably harm Plaintiff unless this Court temporarily, preliminarily, and permanently enjoins Import Warehouse, the Makki Defendants and Abox from engaging in their unlawful conduct.

92.     Import Warehouse's, the Makki Defendants' and Abox's acts have been willful and in disregard of Plaintiff's rights.  Import Warehouse, the Makki Defendants and Abox knew or should have known that their actions constituted trademark dilution, or they proceeded recklessly in disregard of Plaintiff's rights.

93.     Plaintiff is entitled to temporary, preliminary and permanent injunctions prohibiting Import Warehouse, the Makki Defendants and Abox from using the ZIG-ZAG Trademarks or any mark confusingly similar thereto and to recover from Import Warehouse, the Makki Defendants and Abox all damages that Plaintiff has sustained and will sustain, and

24

all gains, profits, and advantages that Import Warehouse, the Makki Defendants and Abox

have obtained as a result of the foregoing infringing activities, in an amount not yet known.

94. By Defendants' knowing, willful, and/or malicious actions, Defendants are also

liable for punitive damages.

<div align="center">

COUNT SEVEN
COMMON-LAW UNFAIR COMPETITION

</div>

95. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

94, as if fully set forth herein.

96. Defendants' unlawful activities in appropriating Bolloré's rights in its ZIG-ZAG

Trademarks and in appropriating NAOC's trade name were intended to capitalize for

Defendants' own pecuniary gain on the goodwill and excellent reputation of Plaintiff and

which Plaintiff has expended substantial time, resources and effort to obtain. Thereby

Defendants are unjustly enriched and are benefitting from property rights which rightfully

belong to Plaintiff.

97. Plaintiff has been harmed and will continue to be irreparably harmed as a result

of Defendants' unlawful actions unless Defendants are temporarily, preliminarily and

permanently enjoined from their unlawful conduct. Plaintiff has no adequate remedy at law.

98. In light of the foregoing, Plaintiff is entitled to a temporary, preliminary and

permanent injunction prohibiting Defendants from use of the ZIG-ZAG Trademarks, or any

mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiff

has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as

<div align="center">25</div>

a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

99.    By Defendants' knowing, willful, and/or malicious actions, Defendants are also liable for punitive damages.

## COUNT EIGHT
## INTERFERENCE WITH BUSINESS RELATIONS

100.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 99, as if fully set forth herein.

101.    Plaintiff and NAOC have a contract under which NAOC is the exclusive distributor of ZIG-ZAG products in the United States.

102.    Upon information and belief, Defendants know that Plaintiff and NAOC have a contract for exclusive distribution of ZIG-ZAG products in the U.S., and that through NAOC, Plaintiff has relationships with various customers.

103.    Through their actions, including importing and/or packaging and/or distributing the Infringing Materials, Defendants have interfered with and are continuing to interfere with these relationships.

104.    Defendants' interference with Plaintiff's business relationships with its customers and with NAOC is improper and calculated to cause damage to Plaintiff.

105.    As a proximate cause of Defendants' actions, Plaintiff already has suffered and will continue to suffer damages. As NAOC's orders and sales have decreased, NAOC has decreased its orders from Plaintiff, thus causing a decrease in Plaintiff's profits under its distribution contract with NAOC.

(2)     From using the Bolloré ZIG-ZAG Trademarks or any mark confusingly similar thereto; and

(3)     From using any trademark, or committing any other act, which falsely represents or which has the effect of falsely representing that the goods of Defendants are licensed, authorized by, or in any way associated with Plaintiff; and

(4)     From otherwise infringing Plaintiff's registered trademarks, trade names and copyrights; and

(5)     From otherwise unfairly competing with Plaintiff.

B.      That Defendants be required to deliver to Plaintiff for destruction, all goods and materials of any kind whatsoever to which the Designs, or any designs substantially similar thereto, are affixed, including but not limited to cigarette paper products, cartons, and all catalogues, advertising, and promotional materials in their possession, custody or control pursuant to 17 U.S.C. § 101 *et seq*.

C.      That Defendants be required to deliver to Plaintiff for destruction, all goods and materials of any kind whatsoever to which the ZIG-ZAG Trademarks or any mark confusingly similar thereto, are affixed, including but not limited to cigarette paper products, cartons, and all catalogues, advertising, and promotional materials in their possession, custody, or control, pursuant to 15 U.S.C. § 1118.

D.      That Defendants account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts.

E.     That Plaintiff recover from Defendants all Defendants' profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504.

F.     That Plaintiff recover from Defendants three times the amount of Defendants' profits or Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 504.

G.     That Plaintiff recover from Defendants punitive damages.

H.     That Plaintiff be awarded all the costs, disbursements and attorneys fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

I.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _Lisa H Meyerhoff_____

Charles A. Gall
Texas Bar No. 07281500
Lisa H. Meyerhoff
Texas Bar No. 14000255
John J. Marcoux
NY State Bar No. 2736379
JENKENS & GILCHRIST,
A Professional Corporation
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202-2799
(214) 855-4500
(214) 855-4300 (Telecopy)

**ATTORNEYS FOR PLAINTIFF BOLLORÉ, S.A.**

Of Counsel:
Isaac Montal
Deirdre Silver
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3000
(212) 969-2900 (Fax)

RECYCLED

# United State_ Patent Office

**610,530**
Registered Aug. 16, 1955

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 8-11-61

Ser. No. 645.385. filed Apr. 16. 1953

### Amendment

Registered August 16, 1955                    Registration No. 610,530

Braunstein Freres, Incorporated

Application to amend having been made by Papeteries Braunstein, owner of the registration above identified, the drawing is amended to appear as follows:

## ZIG~ZAG

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 21st day of February 1978.

; 8.
merce Aug. 14,

£g. No. 76,736

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

LUTRELLE F. PARKER,
*Commissioner.*



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION WHICH IS IN FULL FORCE AND EFFECT. WITH NOTATION OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE TO BE IN:

Papeteries Braunstein

Attest

JUL 1 1 1990
Attesting Officer

*Harry F. Manbeck, Jr.*
COMMISSIONER OF PATENTS
AND TRADEMARKS



# United States Patent Office

**610,530**

Registered Aug. 16, 1955

AFFIDAVIT SEC. 8
ACCEPTED

### PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 8-11-61

Ser. No. 645,385, filed Apr. 16, 1953



Braunstein Freres, Incorporated (Delaware corporation)
21 W. 18th St.
New York, N. Y.

For: CIGARETTE PAPER, in CLASS 8.
First used Aug. 14, 1901, and in commerce Aug. 14, 1901.
Owner of the trademark shown in Reg. No. 76,756 (expired).

Renewed for 20 years from   Aug. 16, 1975



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT. WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO BE IN:

Attest     Papeteries Braunstein

JUL 11 1990

*Harry F. Manbeck, Jr.*

Attesting Officer     COMMISSIONER OF PATENTS
AND TRADEMARKS

Int. Cl.: 34

U.S. Cl.: 8

Reg. No. 1,127,94(

**U.S. Patent and Trademark Office**   Reg. Dec. 18, 197

## TRADEMARK
### Principal Register

### ZIG ZAG

Papeteries Braunstein (France corporation)
83, Boulevard Exelmans
Paris, France.

For: Cigarette Papers —in Class 34. (U.S. Cl. 8).
First use Mar. 1903; in commerce Mar. 1903.
Owner of U.S. Reg. No. 610,530.

Ser. No. 68,676. Filed Nov. 11, 1975.

BETH CHAPMAN, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM   Dec. 18, 1979

COMB. AFF. SEC. 8 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS
CLOSED BY THE RECORDS OF THE UNITED STATES PA
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO BE IN:  Bollore Technologies, a France Corp.

Attest

MAY 24 1994

Attesting Officer

ASSISTANT SECRETARY OF COMMERCE AND
COMMISSIONER OF PATENTS AND TRADEMARK

Int. Cl.: 34

Prior U.S. Cl.: 8

**United States Patent and Trademark Office**

Reg. No. 1,247,856
Registered Aug. 9, 1983

## TRADEMARK
### Principal Register



Papeteries Braunstein (France corporation)
BP No. 43
Thonon Celex, France F74201

For: CIGARETTE PAPERS, in CLASS 34 (U.S Cl. 8).

First use Apr. 1961; in commerce Apr. 1961.

No claim is made to the exclusive right to use the representational design of a rolled cigarette, apart from the mark as shown.

The drawing is lined for the colors blue and gold.

Ser. No. 341,692, filed Dec. 14, 1981.

DAVID E. BUCHER, Examining Attorney

REGISTERED FOR A TERM OF 20 YEARS FROM Aug. 9, 1983
Affidavit 8 & 15 pending



Attest

JUL 1 1 1990

Attesting Officer

Certified to be a true copy of the registration issued by the United States Patent & Trademark Office, which registration is in full force and effect. Record title is in Registrant

*Harry F. Manbeck J.*

COMMISSIONER OF PATENTS
AND TRADEMARKS

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,54

Registered June 30, 199

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-
TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34
(U.S. CLS. 2, 8, 9 AND 17).
FIRST USE 3-0-1903; IN COMMERCE
3-0-1903.
OWNER OF U.S. REG. NOS. 610,530, 1,127,946,
AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL
REPRESENTATION OF A MAN HOLDING A
CIGARETTE AND CIGARETTE PAPER PACK-
AGE ON WHICH THE WORDS "ZIG ZAG"
APPEAR.

SER. NO. 75-304,818, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTOR-
NEY

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 2,169,540

Registered June 30, 1998

## TRADEMARK
### PRINCIPAL REGISTER



BOLLORE TECHNOLOGIES (FRANCE SOCIE-
TE ANONYME)
ODET 29500 ERGUE GABERIC
COMMUNE D'ERGUE GABERIC, FRANCE

FOR: CIGARETTE PAPERS, IN CLASS 34
(U.S. CLS. 2, 8, 9 AND 17).
FIRST USE 4-0-1961; IN COMMERCE
4-0-1961.
OWNER OF U.S. REG. NOS. 610,530, 1,127,946,
AND 1,247,856.

THE DRAWING CONSISTS OF A FANCIFUL
REPRESENTATION OF A MAN HOLDING A
CIGARETTE AND CIGARETTE PAPER PACK-
AGE ON WHICH THE WORDS "ZIG ZAG"
APPEAR.

SER. NO. 75-304,722, FILED 6-6-1997.

WILLIAM JACKSON, EXAMINING ATTOR-
NEY



ZIG ZAG® Zippo Windproof Lighter




## ZIG ZAG® Zippo Windproof Lighter

Zippo slim size lighter. Available in high polish chrome with engraved Zig Zag® logo or Grey Matte with 4 color Zig Zag® logo

$18.95 + $5.00 S&H = $21.95 U.S.* per lighter

Circle color: High Polish Chrome or Grey Matte

Mail this coupon with your name, address, ZIP and check or money order to:

**ZIG ZAG® Lighter**
**P.O. Box 312**
**Rocky Mount, NC 27803**

Or call 1-800-972-7233 (M/C, Visa, AMEX or Discover)

Offer available only to smokers 21 years & older

I certify I am ____ years of age

Void where prohibited.

Sorry, no COD. This price expires 12/31/00. To order after this date, call us!

*Outside U.S.A. include $7.00 for S&H. NC State residents include 6% sales tax.

Allow 3-4 weeks for delivery







GUMMED ZIG-ZAG GUMMED




BRAUNSTEIN FRERES

ORIGINAL ZIG-ZAG PAPER

ZIG-ZAG

GUMMED EDGES
READY CREASED
EASY TO ROLL

ONLY ONE PAPER
CAN BE PULLED AT
A TIME NO waste

ZIG-ZAG

CHECK CONTENTS THROUGH OPENINGS

BRAUNSTEIN FRERES







2PCV 323

# SYMBOL OF QUALITY
## SINCE 1879

**DISTRIBUTED BY**
NORTH ATLANTIC OPERATING COMPANY, INC
LOUISVILLE, KY 40212

QUALITÉ SUPÉRIEURE - MADE IN FRANCE



SYMBOL OF QUALITY SINCE 1879



**ZIG ZAG® Zippo Windproof Lighter**

Zippo slim size lighter. Available in high polish chrome with engraved Zig Zag® logo
or Grey Matte with 4 color Zig Zag® logo
$16.95 - $5.00 S&H - $21.95 U.S.* per lighter
Circle color: High Polish Chrome or Grey Matte

Mail this coupon with your name, address, ZIP and check or money order to
ZIG ZAG® Lighter
P.O. Box 312
Rocky Mount, NC 27803
Or call 1-800-972-7233 (M-C, Visa, AMEX or Discover)
Offer available only to smokers 21 years & older
I certify I am _____ years of age _____

Void where prohibited
Sorry, no COD. This price expires 12/31/00. To order after this date, call us!
*Outside U.S.A. include $7.00 for S&H. NC State residents include 6% sales tax.
Allow 3-4 weeks for delivery.



2PCV318

**GUMMED EDGES**
**READY CREASED**
**EASY TO ROLL**

**ONLY ONE PAPER**
**CAN BE PULLED AT**
**A TIME NO WASTE**

## ORIGINAL ZIG-ZAG PAPER

### MADE IN FRANCE



Z I G - Z A G   D O U B L E   W I D E



### ZIG ZAG® T-Shirt

Full-size official 4 color Zig Zag® logo on 100% cotton T-Shirt.
Made in U.S.A.! $13.45 - $4.00 S&H = $17.45 U.S.* per T-Shirt.
Circle size: M, L, XL, XXL (add $2.00 for XXL)
Circle color: White or Grey.

Mail this coupon with your name, address, ZIP and check or money order to:
ZIG ZAG® T-shirt
P.O. Box 312
Rocky Mount, NC 27803
Or call 1-800-972-7233 (M/C, Visa, AMEX or Discover)
Offer available only to smokers 21 years & older
I certify I am _____ years of age

Void where prohibited.
Sorry, no COD. This price expires 12/31/98. To order after this date, call us!
*Outside U.S.A. include $6.00 for S&H. NC State residents include 6% sales tax.
Allow 3-4 weeks for delivery



### ZIG ZAG® Hat

Black visored hat with Zig Zag® logo embroidered in Silver or Navy/Natural hat with 4 color embroidered logo. Made in U.S.A.! All cotton with adjustable strap.
$12.95 + $5.00 S&H = $17.95 U.S.* per hat.
Circle color: Black or Navy /Natural

Mail this coupon with your name, address, ZIP and check or money order to:
**ZIG ZAG® Hat**
**P.O. Box 312**
**Rocky Mount, NC 27803**
Or call 1-800-972-7232 (M/C, Visa, AMEX or Discover)
Offer available only to smokers 21 years & older
I certify I am _____ years of age.
Void where prohibited.
Sorry, no COD. This price expires 12/31/00. To order after this date, call us!
*Outside U.S.A., include $7.00 for S&H  NC State residents include 6% sales tax.
Allow 3-4 weeks for delivery.

CHECK CONTENTS HERE    VOYEZ CE QU'IL VOUS RESTE

**NOUVEAUTÉ SENSATIONNELLE :**
**LES "COINS COUPÉS" ZIG-ZAG**



KUTCORNERS **ZIG-ZAG**
CREATE A NEW ERA
IN THE SMOKING WORLD

**SUPER-THIN**

**EXTRA-MINCE**

12

**ZIG-ZAG TOUJOURS EN TÊTE**
**FACILITE VOTRE ROULAGE**

32 LEAVES        32 FEUILLES

# KUTCORNERS
### MAKE ROLLING EASIER
—

0  086644

Distributed by Noork Atlantic Operation Company, Inc.
Louisville, KY 40212

**ZIG-ZAG KUTCORNERS AUTOMATIC**

MADE IN FRANCE



KUTCORNERS
COINS COUPÉS

**ZIG-ZAG**
SLOW BURNING
COMBUSTION LENTE

MODÈLE DÉPOSÉ

**ZIG ZAG® Zippo Windproof Lighter**

Zippo slim size lighter. Available in high polish chrome with engraved Zig Zag® logo
or Grey Matte with 4 color Zig Zag® logo
$16.95 + $5.00 S&H = $21.95 U.S.* per lighter
Circle color: High Polish Chrome or Grey Matte.
Mail this coupon with your name, address, ZIP and check or money order to:
ZIG ZAG® Lighter
P.O. Box 312
Rocky Mount, NC 27803
Or call 1-800-972-7220 (M/C, Visa, AMEX or Discover)
Offer available only to smokers 21 years & older.
I certify I am _____ years of age _____
Void where prohibited.
Sorry no COD. This price expires 12/31/00. To order after this date, call us!
*Outside U.S.A., include $7.00 for S&H. NC State residents include 6% sales tax.
Allow 3-4 weeks for delivery.



ZIG-ZAG



# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

# FORM GATT
for a Restored Work

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

UNITED STATES COPYRIGHT OFFICE

**REGISTRATION NUMBER**

**TX 4-395-564**

*TX0004395564*

SRU

**EFFECTIVE DATE OF REGISTRATION**

| 12 | 23 | 96 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE FORM GATT/CON.**

---

## 1

**a** TITLE:

Zig Zag Cigarette Paper Packaging #125

English translation:

**b** DESCRIPTION OF THE WORK: (*Check one or more*)

* [ ] literary work
* [ ] musical work, including any accompanying words
* [ ] dramatic work, including any accompanying music
* [ ] pantomime or choreographic work
* [X] pictorial, graphic, or sculptural work
* [ ] motion picture or other audiovisual work
* [ ] architectural work
* [ ] sound recording, created in _____ (year)

## 2

**a** AUTHOR(S):
Name:   BOLLORE TECHNOLOGIES S.A
        ODET - 29500 ERGUE GABERIC

Citizenship (when work was created):   France
Domicile (when work was created):   France
Date of death:

**b** Name:

Citizenship (when work was created):
Domicile (when work was created):
Date of death:

## 3

YEAR AND NATION OF PUBLICATION: (If work was published, give the year and nation in which it was first published.)

Year:   1927

Nation:   France

## 4

**a** OWNER(S) OF U.S. COPYRIGHT:
Name:   Bollore Technologies, S.A.

Address:   Odet 29500 Ergué Gaberic
           Commune D'Ergué Gaberic
           France

**b** Means by which copyright ownership was transferred
(if owner is not the author):

**DO NOT WRITE HERE OFFICE USE ONLY**

APPLICATION RECEIVED
12/23/96

DEPOSIT RECEIVED
12/23/96

FUNDS RECEIVED

* Amended by C.O. Authority of a telephone
conversation on 2/7/97 with Eric Schwartz for
Bollore Technologies, S.A. and Proskauer, Rose,
Goetz and Mendelsohn.

| EXAMINED BY  *LMS* | FORM GATT |
|---|---|
| CHECKED BY | |
| ☑ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE FORM GATT/CON.

**LIMITATION OF COPYRIGHT:** If the registration does not extend to the entire work, describe the material that is covered by the registration:
(see instructions)

**5**

Revisions and additional *~~text and~~ artwork, *and all new text.

**PREVIOUS REGISTRATION:** If this work was ever registered in the U.S. Copyright Office, give the registration number and year if known:

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give the name and number of that account. Do not give credit card information on this form.

Name ▼  Proskauer Rose Goetz & Mendelsohn

Account Number ▼  DA 034-940

**7**

**CORRESPONDENCE** Give the name and address to which correspondence about this application should be sent.   ☐ Same as space 4a.   ☐ Same as space 9.

Mary A. Donovan, Esq.
Proskauer Rose Goetz & Mendelsohn LLP
1585 Broadway
New York, NY 10036

Area or Country Code and Telephone Number ▶ **(212) 969-3755**          Fax Number ▶

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the: (Check one )
☐ Author
☒ Owner of U. S. copyright
☐ Agent of _____

**8**

(Name of author or owner of U.S. copyright)

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name:  Vincent Bollore          Date:  December 18, 1996

☞ Handwritten signature (X) ▼

| MAIL CERTIFICATE TO | Name ▼  Mary A. Donovan, Esq. | YOU MUST: • Complete all necessary spaces • Sign your application in space 8 |
|---|---|---|
| | Number/Street/Apt ▼  Proskauer Rose Goetz & Mendelsohn LLP 1585 Broadway | SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee (See instructions) payable to Register of Copyrights 3. Deposit |
| Certificate will be mailed in a window envelope | City/State/ZIP/Nation ▼  New York, NY 10036 | MAIL TO: URA/GATT NIEs and Registrations Southwest Station P.O. Box 72400 Washington, D.C. 20024 U.S.A. |

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1995—100,000   ♻ PRINTED ON RECYCLED PAPER          ☼U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/20,015





# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE · THE LIBRARY OF CONGRESS ·

**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 891-143**

EFFECTIVE DATE OF REGISTRATION

| 11 | 03 | 97 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Zig-Zag King Size Cigarette Paper Packaging

**NATURE OF THIS WORK ▼** See Instructions

Packaging Text and Artwork

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

## 2

**a**

**NAME OF AUTHOR ▼**

Bolloré Technologies S.A.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
Domiciled in ▶ France

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☒ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

**NOTE**

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

ace for dates
birth and
ath blank.

## 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1997 ◀Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ July    Day ▶ 1    Year ▶ 1997
UK and South Africa ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Bolloré Technologies, S.A.
Odet 29500 Ergue Gaberic
Commune D'Ergue Gaberic France

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
NOV.03.1997

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
NOV.03.1997

FUNDS RECEIVED

e instructions
fore completing
s space.

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 1 pages

EXAMINED BY

CHECKED BY

FORM VA

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☒ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
**a.** ☐ This is the first published edition of a work previously registered in unpublished form.
**b.** ☐ This is the first application submitted by this author as copyright claimant.
**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼  Various Registration Numbers   **Year of Registration** ▼  1996

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a.** Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Pre-existing text and artwork

**b.** Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Revisions and all additional text and artwork

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼  Proskauer Rose   **Account Number** ▼  DA 034-940

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼
Deirdre P. Silver, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Be sure to
give your
daytime phone
◄ number

Area Code and Telephone Number ▶  (212) 969.3484

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Bolloré Technologies, S.A.
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.   Date▶ 10/31/97
Deirdre Silver

Handwritten signature (X) ▼

**Mail
certificate
to:**

Name ▼
Deirdre Silver, Esq.

Number/Street/Apt ▼
Proskauer Rose LLP    1585 Broadway

Certificate
will be
mailed in
window
envelope

City/State/ZIP ▼
New York, NY 10036

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
**MAIL TO**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

March 1995—200,000   ☼ PRINTED ON RECYCLED PAPER   ☼U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/41





*This high quality paper is especially made to enhance and maximise the smoking experience. Make the right choice, roll your favourite tobacco in a Zig-Zag paper, Internationally renowned*.

**ZIG-ZAG PAPERS**

**CERTIFICATE OF REGISTRATION**



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 888–783**


EFFECTIVE DATE OF REGISTRATION

| 11 | 03 | 97 |
|----|----|----|
| Month | Day | Year |

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**

Zig-Zag Classic Cigarette Paper Packaging

**NATURE OF THIS WORK ▼** See Instructions

Packaging Text and Artwork

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**

Bolloré Technologies, S.A.

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
{ Domiciled in ▶ France

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No

If the answer to either of these questions is "Yes," see detailed Instructions.

**NOTE**
Under the law, the "author" of

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture        ☐ Map                    ☐ Technical drawing
☒ 2-Dimensional artwork          ☐ Photograph             ☒ Text
☐ Reproduction of work of art    ☐ Jewelry design         ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed Instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture        ☐ Map                    ☐ Technical drawing
☐ 2-Dimensional artwork          ☐ Photograph             ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design         ☐ Architectural work
☐ Design on sheetlike material

## 3

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1997 ◀Year

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ July    Day ▶ 1    Year ▶ 1997
UK and South Africa ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Bolloré Technologies, S.A.
Odet 29500 Ergue Gaberic
Commune D'Ergue Gaberic  France

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
NOV. 03.1997
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
NOV. 03.1997

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.        • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___2___ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼  Year of Registration ▼

Various registration numbers    1996

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Pre-existing text and artwork

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Revisions and all additional text and artwork.

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼  Account Number ▼

Proskauer Rose    DA  034-940

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Deirdre P. Silver, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

Area Code and Telephone Number ▶ (212) 969-3484

**7**

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of _____ Bolloré Technologies, S.A.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Deirdre Silver    Date ▶ 10/31/97

Handwritten signature (X) ▼

**8**

MAIL
CERTIFICATE
TO

Certificate
will be
mailed in
window
envelope

Name ▼
Deirdre Silver

Number/Street/Apt ▼
Proskauer Rose LLP
1585 Broadway

City/State/ZIP ▼
New York, NY  10036

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

■ch 1995—300,000    ⊛ PRINTED ON RECYCLED PAPER    ⊛U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/41



*"This high quality paper is especially made to enhance and maximise the smoking experience. Make the right choice, roll your favourite tobacco in a Zig-Zag paper, Internationally renowned".*

**ZIG-ZAG**
PAPERS



UNITED STATES COPYRIGHT OFFICE ✦ THE LIBRARY OF CONGRESS ✦

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE



VA 812-451

EFFECTIVE DATE OF REGISTRATION

**DEC 23 1996**
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Zig Zag Cigarette Paper Packaging #425

**NATURE OF THIS WORK ▼** See instructions

Packaging Text and Artwo

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

## 2

### a

**NAME OF AUTHOR ▼**

BOLLORE TECHNOLOGIES

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
Domiciled in▶ France

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to e of these questio "Yes," see detaile instructions.

**NOTE**

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture       ☐ Map             ☐ Technical drawing
☒ 2-Dimensional artwork         ☐ Photograph      ☒ Text
☐ Reproduction of work of art   ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

### b

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to e of these question "Yes," see detaile instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture       ☐ Map             ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph      ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

space for dates of birth and death blank.

## 3

### a
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given in all cases.
1992  ◀ Year

### b
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**  Complete this information ONLY if this work has been published.
Month ▶ Aug.*   Day ▶ 15*   Year ▶ 1992
Australia   ◀ N

## 4

See instructions before completing space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Bollore Technologies, S.A.
Odet 29500 Ergué Gaberic
Commune D'Ergué Gaberic
France

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
DEC 23 1996
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 23 1996
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE H
Page 1 of

*Added by CO per letter of 1/22/97 from Eric Schwartz of
Proskauer Rose Goetz & Mendelsohn

EXAMINED BY _____

CHECKED BY _____

CORRESPONDENCE
☐ Yes

FORM V...

FOR
COPYRIGH
OFFIC
USL
ONLY

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☒ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

Various registration numbers     1996

**5**

---

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Pre-existing text and artwork

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Revisions and all additional text and artwork

**6**

See instructions
before completi
this space.

---

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼     Account Number ▼

Proskauer Rose Goetz & Mendelsohn     DA 034-940

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Mary A. Donovan, Esq.
Proskauer Rose Goetz & Mendelsohn LLP
1585 Broadway
New York, NY 10036

Area Code and Telephone Number ▶    (212) 969-3755

**7**

Be sure to
give your
daytime phor
◀ number

---

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author

☐ other copyright claimant

☒ owner of exclusive right(s)

☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Vincent Bollore     Date ▶ December 18, 1996

👉 Handwritten signature (X) ▼

**8**

---

**MAIL
CERTIFI-
CATE TO**

Name ▼
Mary A. Donovan, Esq.

Number/Street/Apt ▼
Proskauer Rose Goetz & Mendelsohn LLP
1585 Broadway

City/State/ZIP ▼
New York, NY 10036

**Certificate
will be
mailed in
window
envelope**

**YOU MUST:**
· Complete all necessary spaces
· Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

The Copyright C'c
has the author
just feed a 5-y
vais, based on ...
in the Consume...
Index. The next adjus
ment is due in 199(
Please contact th
Copyright Office afte
July 1995 to see schedule

**9**

---

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

July 1993—300 000    ♻ PRINTED ON RECYCLED PAPER

2 PCV 802    2 RSI 030

CHECK CONTENTS    THROUGH OPENING

**ZIG-ZAG** CIGARETTE PAPER
THE SMOKER'S BEST FRIEND

IT BRINGS OUT THE FULL FLAVOUR
OF YOUR FAVOURITE TOBACCO

MADE IN FRANCE



**ZIG-ZAG** 32 CIGARETTE GUMMED PAPERS



2 PCV 802    2 RSI 030

CHECK CONTENTS    THROUGH OPENING

**ZIG-ZAG** CIGARETTE PAPER
THE SMOKER'S BEST FRIEND

IT BRINGS OUT THE FULL FLAVOUR
OF YOUR FAVOURITE TOBACCO

MADE IN FRANCE



**ZIG-ZAG** 32 CIGARETTE GUMMED PAPERS



## PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON DC
BOCA RATON
CLIFTON NJ
PARIS

**Deirdre P. Silver**
Attorney at Law

Direct Dial 212.969.3484
dsilver@proskauer.com

July 9, 1998

DOCKETED

By Express Mail
Register of Copyrights
Library of Congress
Washington, D.C. 20559

Re:  Bollore Technologies, S.A. -- Copyright Application
     Title   :   Zig-Zag Long Cigarette Paper Packaging
     Our File  :   16389/022

Dear Sir:

Enclosed please find:

1.  A Form VA Copyright Application for the work entitled "Zig-Zag Long Cigarette Paper Packaging" by Bollore Technologies, S.A. and three deposit copies of the work;

2.  A stamped, self-addressed acknowledgment card;

3.  Please charge the required fee to Deposit Account No. DA 034940, referencing the above file number.

Thank you for your cooperation.

Respectfully submitted,

Deirdre P. Silver

Enclosure

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| | VA | | VAU |
|---|---|---|---|

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

# 1

**TITLE OF THIS WORK ▼**

ZIG-ZAG LONG Cigarette Paper Packaging

**NATURE OF THIS WORK ▼** See Instructions

Packaging Text and Artwor

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

# 2

**a** **NAME OF AUTHOR ▼**

Bollore Technologies S.A.

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
{ Domiciled in ▶ France

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

# 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**   This information must be given in all cases.
1997 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ June   Day ▶   Year ▶ 1998
Bulgaria ◀ Nation

# 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Bollore Technologies, S.A.
Odet 29500 Ergue Gaberic
Commune D'Ergue Gaberic
FRANCE

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages



DPS

Attorney's Initials

16389/022

Client/Matter No.

The U.S.P.T.O Mailroom hereby acknowledges receipt of the identified document(s) on the date indicated by its stamp below.

Bollore Technologies, SA.

Applicant

ZIG-ZAG LONG CIGARETTE Paper Packaging

Mark                                                    Serial/Proceeding No.

Copyright Application and Specimens of Use

Documents Enclosed







"*This high quality paper is especially made to enhance
and maximise the smoking experience.
Make the right choice, roll your favourite tobacco
in a Zig-Zag paper, Internationally renowned*".

**ZIG-ZAG** PAPERS





MERCHT



**ZIG-ZAG 1¼**
**IMPORTED FRENCH**
**CIGARETTE PAPERS**

SLOW BURNING
**CIGARETTE PAPERS**

**1 ¼** SIZE

**GUMMED**



**ZIG-ZAG**

**IMPORTED FRENCH**

Double-faced tape has been enclosed
for wall mounting and gravity dispensing
REMOVE TAB FOR TAPE AND DISPENSING

*(left vertical text)* ZIG-ZAG 1¼ SLOW BURNING IMPORTED FRENCH CIGARETTE PAPERS 24 French booklets

*(right vertical text)* ZIG-ZAG 1¼ SLOW BURNING IMPORTED FRENCH CIGARETTE PAPERS 24 French booklets

MADE IN FRANCE
DISTRIBUTED BY
NORTH ATLANTIC TRADING INC
RALEIGH NC 27604

SLOW BURNING
**CIGARETTE PAPERS**

**1 ¼** SIZE

**GUMMED**



**ZIG-ZAG**

**IMPORTED FRENCH**

2 EB1 125







IMPORT  WAREHOUSE

4/28/99









IMPORT WAREHOUSE
4/28/99





IMPORT WAREHOUSE
4/28/99



H

SALES ORDER
==========

CUST ID: 32919

TOBACCO PERMIT # 98000616
IMPORT WAREHOUSE INC.,
11311 HARRY HINES BLVD.,          S.O. # : 63950
BLDG 2. SUITE 200
Dallas .Tx 75229-0102

BILL TO:                          SHIP TO:
CAPITAL DIST CO                   CAPITAL DIST CO
19679 JOHNR                       19679 JOHNR

Detroit ,MI 48203                 Detroit ,MI 48203
     PHONE #            FAX #
   313/369-2137      313/369-2146
SHIP DT     SHIP VIA        F. O. B.     CD        TERMS
   / /      TRUCKING        DALLAS       B  COD - Cash or Check
            S.O DATE      SALES REP. I.D. & NAME    P. O. NUMBER
           03/05/99      70 AMIN RAJANI J.          03/05/99
CUSTOMER TOBACCO PERMIT # :
      DEA REGISTRATION NO :         DEA EXP.DATE:

| | | | | | | | | Extended |
|---|---|---|---|---|---|---|---|---|
| QtyOr | UM B/O | Shipped LN | Item Number | Case Mark | Description | CASEPACK | Cs/Bx Price | Price |
| 12600 8X | 0 | 12600 1 | CS-061 | CS-054 | ZIG ZAG ORANGE CIGARETE PAPER | 250X/CS/24PK/8X | 14.50 | 182700 00 |
| | | 12600 | | | | | | 182700.00 |

Price Difference     − 12,600.⁰⁰

170,100.⁰

PAID
3-5-99
CK# 19949

PULLED BY_____

CHECKED BY_____

PACKED BY_____

SUBTOTAL      18 ....
(Less) Discount
Tax
Freight & Handling     00
TOTAL
(Less) Prepayment

**R&L CARRIERS**

**R&L Transfer / Richer Freightways / Cincinnati Insterstate / Paramount Transportation**

Freight Bill No. **181185945A**

Pro. No.

REMIT TO:
P.O. Box 271
Wilmington, OH 45177-0271

Org. Terminal: **DLS/AREA 816**
Dest. Terminal: **DET/AREA 40B**
Loaded On: **DET91148H**
Method of Payment: **COLLECT**

Tariff: **MWB55502**
Pick Up: **736490**

CB Cntl.
Cntl.
Gator
CM-EMLS

Page
Wats 1-800-543-5589
Wats 1-800-828-3209
Wats 1-800-338-3907
amount- Wats 1-888-714-1231

**P1O—73**

Payable To: **NONE**

Shipper Bill No.

SHIPPER: **IMPO11**
**IMPORT WAREHOUSE INC**
**11311 HARRY HINES BLVD 201**
**DALLAS TX 75228**

CONSIGNEE: **CAP196   313 369-2137**
**CAPITAL DISTRIBUTING**
**19679 JOHN R ST**
**DETROIT MI 48203**

BILL TO:
**CAP196**
**CAPITAL DISTRIBUTING**
**19679 JOHN R ST**
**DETROIT MI 48203**

| No. Pieces | Description of Articles | Weight | Rate | Prepaid | Collect |
|---|---|---|---|---|---|
| 3 | PAPERS | 4500 | 40.45 | | 2022.50 |
| | ---> GATOR'S DISCOUNT SAVES YOU ---> | 5000 | .65 | | -1314.63 |
| | DO NOT BREAK PLTS | | | | |
| | ***DECLARED VALUE 151200.00 | | | | |
| | (304)PCS ON 3 SKIDS | | | | |
| | ******$75********** | | | | |
| | THANK YOU FOR SHIPPING R & L CARRIERS | | | | |

received
3.10.99

| | From/To | Amount Due | | | Total Weight | Del. Date | Time | No. Pieces | Charge | | **707.87** |
|---|---|---|---|---|---|---|---|---|---|---|---|
| W707B7A | | | | | | 03/08/99 6:56PM | | 3 | W23595A | | |

Our Ref.   **707.87**

FEDERAL REGULATIONS REQUIRE PAYMENT OF THIS FREIGHT BILL WITHIN 15 DAYS.

Received In Good Condition Except As Noted / Signature

**CONSIGNEE COPY**

Collect the Amount

**707.87**

# CIGAR-CIGARETTES , INC.
**19731 FORD ROAD**
**DEARBORN, HTS., MI 48127**

*april 313-615-3312*

*Joel*

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 2/11/99 | i2 |

| BILL TO | SHIP TO |
|---------|---------|
| IMPORT WAREHOUSE INC<br>11311 HARRY HINES BLVD.<br>DALLAS, TX. 75229 | IMPORT WAREHOUSE INC<br>11311 HARRY HINES BLVD.<br>DALLAS, TX. 75229 |

| P.O. NUMBER | TERMS | REP | SHIP | VIA | F.O.B. | PROJECT |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 2/11/99 | BEST WAY | | |

| QUANTITY | ITEM CODE | DESCRIPTION | PRICE EACH | AMOUNT |
|----------|-----------|-------------|------------|--------|
| 1,429 | 3094 0595 | ZZ CLASSIC X 100 X 50 | 40.00 | 57,160.00 |
| 300 | 3004 9215 | ZZ BLUE X 50 X 100 | 20.00 | 6,000.00 |

*$*
*63,160.00*
*X     10% Handling*
*$6316.00*

*$69,476.00 CR. Memo owed*
*To Ralf's Import whse.*

*3/1/99   Young*

thank you for your business.

| | Total | $63,160.00 |

# CIGAR-CAGARETTES, INC.
### 18731, FORD ROAD, DEARBORN, HTS., MI-48127

## INVOICE

**TOTAL DUE     44,860.00**

| | | |
|---|---|---|
| Salesperson | 035 | |
| Invoice number | 107 | |
| Invoice date | 04/30/99 | |
| Customer ID | 03995 | |
| Terms | PPD | |
| Date shipped | | |
| Shipped via | DELIVERED | |
| FOB | TX | |
| Prepaid / Collect | COLLECT | |
| Tax exempt | YES | |
| Resale | | |
| Exemption no. | | |

**SOLD TO**

| | |
|---|---|
| Name | |
| Address (line 1) | 11311, HARRY HINES BLVD., |
| Address (line 2) | SUITE 201 |
| City, State or Prov. | DALLAS, TX-75229 |
| Postal code, County | |
| Phone | 972-241-4610 |
| Fax | |
| Company name | IMPORT WAREHOUSE, INC. |

**SHIP TO**

Retype the following only if the name and
address are not the same as the SOLD TO name
and address.

| | |
|---|---|
| Name | |
| Address (line 1) | |
| Address (line 2) | |
| City, State or Prov. | |
| Postal code, County | |
| Company name | |

Please make checks payable to:

| REF NO. | QTY | DESCRIPTION | PRICE EACH | TOTAL |
|---|---|---|---|---|
| 3004 0695 | 251 | ZZ CLASSIC X 100 X 50 | 40.00 | 10,040.00 |
| 3004 8715 | 1741 | ZZ BLUE X 80 X 50 | 20.00 | 34,820.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | 44,860.00 |
| Sales tax % | |
| SHIPPING & HANDLING | |
| DISCOUNT | 0.00 |
| **PLEASE PAY THIS AMOUNT** | 44,860.00 |
| TENDER: PREPAID | |

5/10/99      $44,860.00  (10% Handling Allow.)
          + $4,486.00
   TOTAL  $49,346.00    To Be Issued A Credit
                memo.      H.E. Young

## SALES ORDER

Impex inc./ Ohad Malcki   Phon (313) 624-8377
8147 Brandt.
Dearborn, m. 48126                    No.

| CUSTOMERS ORDER NO. | | DEPARTMENT | DATE 4/28/99 |
|---|---|---|---|
| NAME | Capital Dist Co | | |
| ADDRESS | | | |
| CITY, STATE, ZIP | | | |

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| | QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 20 | Cases Wolla orange 1/4 | 550 00 | 11000 00 |
| 2 | | | | |
| 3 | | 5/200 | | |
| 4 | | | | |
| 5 | | | | |
| 6 | 49 | ORE1 Tij Tai orange | 960 00 | 47040 00 |
| 7 | | 1/0/ | | |
| 8 | | | | |
| 9 | | 24/100 | | |
| 10 | | | | |
| 11 | 16 | Cases Tij Tai Classic | 720 00 | 11520 00 |
| 12 | | | | |
| 13 | | 24/100 | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | TOTAL | 69560 00 |

KEEP THIS SLIP FOR REFERENCE
**Sales Order**

Adams
NO 8805

COFFEE ACCESSORIES AND MORE, INC.

INVOICE

124612

INVOICE NO.

| SOLD TO | CAPITAL DIST. CO., INC. | SHIPPED TO | SAME |
| ADDRESS | 12679 JOHN R. | ADDRESS | |
| CITY, STATE, ZIP | DETROIT, MI. 48203 | CITY, STATE, ZIP | |
| CUSTOMER'S ORDER | ANSROLL | TERMS | C.O.D. | FAIR | DATE 4-15-99 |

| | | | |
|---|---|---|---|
| 495 | PACKS @ $1.00 | ZIG ZAG ORANGE | 52.00 | 25740.00 |
| | | Mark Spencer | | |
| | | | TOTAL | $25740.00 |

C. Adams
08/99

**SALES ORDER**

Impex Inc.
8747 Brandt
Dearborn mi 48126   No. (14) a 16



KEEP THIS SLIP FOR REFERENCE
**Sales Order**

**INVOICE** 124615

SOLD TO: Wigham Dist. Inc. / Curtee mudd...
3319 Greenfield Rd.
Dearborn, MI. 48120

CAPITAL DIST. CO., INC.
ADDRESS: 9679 JOHN R
CITY, STATE, ZIP: DETROIT MI. 48203

SHIPPED TO: SAME

| CUSTOMER'S ORDER | SALESPERSON | TERMS | F.O.B. | DATE | VIA |
|---|---|---|---|---|---|
| | ANDREW | C.O.D. | | 3-24-99 | |

| | | | 56,988.00 |
|---|---|---|---|

19,000 (BOOKLETS) ZIG ZAG ORANGE

Book ...
30 dl/00 = 180 × 5200

PAID
3/24/99
Ck# 20088

TOTAL = $9,880.00



# SALES ORDER

**Impex, Inc.**
8747 Brandt St.
Suite 116
Dearborn, MI 48126
(313) 624-8377

No.

| CUSTOMER'S ORDER NO. | DEPARTMENT | DATE |
|---|---|---|

NAME *Capital Light Company*
ADDRESS *19679 John B*
CITY, STATE, ZIP *Detroit, MI 48223*

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 30 | Cases Vis Vac Blue & White | | 100 00 |
| 2 | | | |
| 3 | 20/50 6mil | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

RECEIVED BY

**KEEP THIS SLIP FOR REFERENCE**

Adams
NC 5805

# Sales Order



## SALES ORDER

**Impex, Inc.**
8747 Brandt St.
Suite 116
Dearborn, MI 48126
(313) 624-8377

**No.**

| CUSTOMER'S ORDER NO. | | DEPARTMENT | | DATE |
|---|---|---|---|---|

NAME GROTK D.

ADDRESS 19679 John R

CITY, STATE, ZIP Detroit MI 48203

| | SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|---|

| | QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 672 | Zig Zag Classic | 24.00 | 16,128.00 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | 16,128.00 |

RECEIVED BY

**KEEP THIS SLIP FOR REFERENCE**
**Sales Order**

Adams
NC 5805



COFFEE ACCESSORIES AND MORE, INC.

INVOICE NO. 124610

INVOICE

SOLD TO
ADDRESS
CITY, STATE, ZIP  TEMPE AZ. 85281
CUSTOMER'S ORDER  ANDREW
SOLD BY  TERMS  C.O.D

SHIPPED TO
ADDRESS
CITY, STATE, ZIP  SAME
VIA
DATE 2-16-99

12,000 (BOOKLETS)  ZIG ZAG ORANGE  F.O.B.  HC  $5520.00

$ each × 30 × 400 = 12000

TOTAL =  $5520.00

132316

**Impex, Inc.**
8747 Brandt St.
Suite 116
Dearborn, MI 48126
(313) 624-8377

Customer's
Order No. _____ Date _____ 19 ____

Name _____

Address _____

| SOLD BY | CASH | COD | CHARGE | ON ACCT | MDSE RETD | PAID OUT |
|---------|------|-----|--------|---------|-----------|----------|

| QUAN | DESCRIPTION | PRICE | AMOUNT | |
|------|-------------|-------|--------|---|
| 1 | Box 2 in. Tag Classi. | 100x30 | 30 | 00 |
| 1 | Box — J Blue | 50,40 | 20 | — |
| | | | | |
| | | | | |
| | | | | |
| | Joe | | | |
| | Cash | | | |
| | | | 50 | — |

All claims and returned goods MUST be accompanied by this bill

Rec'd by _____



**JOE MAKKI**
MANAGER

**IMPEX, INC.**
8747 BRANDT • SUITE 116
DEARBORN MI 48126

OFFICE: (313)624-8377
FAX: (313)624-8379
PAGER: (313)767-6622
767-6622