IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| BOLLORÉ, S.A., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:99CV01196-R |
| | § | |
| IMPORT WAREHOUSE INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

CAME ON for consideration the Motion of Plaintiffs Bolloré, S.A. ("Bolloré"), North Atlantic Operating Company, Inc. ("NAOC"), and North Atlantic Trading Company, Inc. ("NATC") (collectively "Plaintiffs") against Ali Mackie and his mother Najat Mackie's third party corporation, Freetown Mini Mart, Inc. ("Freetown") and the evidence submitted in Plaintiffs' moving application and Appendix, the deposition testimony of Donald Rigby, Ali Mackie and Najat Mackie and the exhibits thereto, the evidence considered by the Court at the hearing on November 10, 2004, the preceding filings and orders of the Court in this case, and the arguments of counsel, the Court finds and concludes as follows:

    1.    Freetown is and has been used as the alter ego of Ali Mackie, and as such, the Court shall pierce the corporate veil of Freetown, and add Freetown and Najat Mackie to the Final Contempt Order issued by this Court on April 13, 2004 and to the Final Judgment entered on July 12, 2002 in the amount of $11 million.

2. Freetown and Najat Mackie shall be added to the Final Judgment as a co-judgment debtor of Ali Mackie, who is jointly and severally liable for the Court's Final Judgment issued on July 12, 2002 in the amount of $11 million.

3. Plaintiffs, pursuant to statute, are entitled to the reasonable costs and attorney's fees expended in bringing this turnover proceeding, and the Court shall consider such costs and fees submitted by Plaintiffs at a subsequent date.

IT IS FURTHER ORDERED that Ali Mackie, Najat Mackie, Freetown, and its officers, agents, representatives, affiliates and subsidiaries (the "Judgment Debtors") shall turnover all non-exempt property, including, but not limited to the deed for the property of Freetown located at 4201 Livernois Avenue in Detroit, Michigan, as well as all chattels or personal property at that location, and all funds in the Standard Federal Bank account of Freetown numbered 5304007783, or any other bank account in Freetown's name, or used by the Judgment Debtors to deposit or withdraw funds, to a designated sheriff or constable, or other authorized authority in Michigan to be named, to be held for the benefit of Plaintiffs.

IT IS FURTHER ORDERED that to aid in the receipt and transfer of the above assets of the Judgments Debtors, the Court shall appoint a receiver, to be named, both in Texas and/or in the State of Michigan, where the property is located.

IT IS FURTHER ORDERED that during the entire duration of this turnover process the Judgment Debtors and their attorneys, officers, affiliates, subsidiaries, parents and their respective officers, agents, servants and employees, and all persons in active concert or participation with them, are hereby enjoined and will cease and desist and refrain from

selling, transferring, disposing of, encumbering, mortgaging, using as collateral for any note or loan, or causing the sale, transfer, disposition or encumbrance of any of the Judgment Debtors' real or personal property, as well as initiating or causing the initiation of any bankruptcy proceedings, up to and including such time as a final judgment in satisfaction of the $11 million Final Judgment is entered.

IT IS FURTHER ORDERED that defendants Ali Mackie, Najat Mackie and Freetown will pay Plaintiffs' reasonable costs and attorney's fees expended in bringing this turnover proceeding.

ENTERED AND ORDERED THIS 18 day of Nov. , 2004 at 11:00 o'clock in the a .m.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

3