IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



NOV 18 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BOLLORÉ, S.A., ET AL., | § |
| Plaintiffs, | § |
| v. | § CIVIL ACTION NO. 3:99CV01196-R |
| IMPORT WAREHOUSE INC., ET AL., | § |
| Defendants. | § |

**ORDER**

The Court finds that Plaintiffs Bolloré, S.A. ("Bolloré"), North Atlantic Operating Company, Inc. ("NAOC"), and North Atlantic Trading Company, Inc. ("NATC") (collectively "Plaintiffs") obtained Judgment in this Court jointly and severally against Defendant Ali Mackie, in the amount of $11 million, and the Judgment was entered on July 12, 2002. The Court also finds that Plaintiffs have filed supplementary proceedings in this action, following the entry of the Judgment, and Plaintiffs seek the appointment of a receiver together with other relief. On Motion of Plaintiffs for a Turnover Order against Ali Mackie and his mother Najat Mackie's third party corporation, Freetown Mini Mart, Inc. ("Freetown"), the evidence submitted in connection with Plaintiffs' Motion, the deposition testimony of Donald Rigby, Ali Mackie and Najat Mackie and the exhibits thereto, the evidence considered by the Court at the hearings held on November 10 and November 18, 2004, the preceding filings and orders of the Court in this case, and the arguments of counsel, IT IS ORDERED:

1. *Paul Steinberg* is appointed as receiver of Ali Mackie, Najat Mackie and Freetown.

2. Ali Mackie, Najat Mackie, Freetown, and its officers, agents, representatives, affiliates and subsidiaries (the "Judgment Debtors") shall turn over to Receiver all of the books, records, and all other tangible or intangible assets. The Judgment Debtors shall be removed from the premises of Freetown and the Receiver shall have the authority to install new management to operate the business of Freetown.

3. Any other parties who have tangible or intangible assets belonging to the Judgment Debtors are prohibited from delivering property or paying obligations to the Judgment Debtors, unless allowed by statute, court rule, or this Order, and are to deliver all such assets to Receiver. If a party does not hold such assets or questions the interest of Defendant in the assets, the party must file a written disclosure with Receiver along with an explanation of any offset, dispute, or contingency. The disclosure must be filed by first-class or certified mail within six days of the date of service of this Order upon them. Failure to file the disclosures may result in the commencement of contempt proceedings.

4. Receiver shall proceed with the liquidation of the assets and apply the proceeds upon the Plaintiffs' Judgment. Receiver shall report to the Court from time to time and as required by the Court and obtain an order before selling or disposing of specific assets. Receiver shall post a bond in the amount of $100.00.

5. The law firm of Proskauer Rose, LLP, Plaintiffs' counsel, shall be appointed as attorney for Receiver, and Receiver shall furnish Plaintiffs' counsel with notification of any appraisals, offers to purchase assets, new financial reports, auction information, or developments that materially affect the Judgment Debtors' assets.

6. The four-day motion rule is waived, and the parties are free to have any important, material matter heard before this Court on 48-hours notice. The parties may request further instructions by motion on any areas of dispute or controversy that may arise.

ENTERED AND ORDERED THIS 18 day of Nov., 2004 at 11:00 o'clock in the a.m.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

DALLAS2 1066488v1 44287-00002